IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No. 7:05-1279-HMH |
| vs. | ) | |
| | ) | |
| Russell Oehlson, | ) | **OPINION AND ORDER** |
| | ) | |
| Movant. | ) | |

This matter is before the court on Russell Oehlson's ("Oehlson") motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. After a thorough review of the facts and pertinent law, the court summarily dismisses Oehlson's § 2255 motion.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On February 16, 2006, Oehlson pled guilty to counts 1, 3, and 4 of his indictment charging attempted robbery, bank robbery, and felon in possession of a firearm. James Loggins ("Loggins") represented Oehlson at plea and sentencing. On December 6, 2006, Oehlson was sentenced to 188 months' imprisonment. Oehlson filed the instant § 2255 motion on November 14, 2007.[1]

In his § 2255 motion, Oehlson raises the following claims: (1) Loggins was constitutionally ineffective for intimidating Oehlson into pleading guilty; (2) Oehlson provided a statement to William Gary after being beaten by law enforcement officers and while he was under the influence of drugs; (3) the firearm that he pled guilty to possessing "has since been proved not [Oehlson's], due to the fact that it came from a car that I was one charged with stealing and since then proven not to of been in my possession;" (4) count 4 is based on finding

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

1

that the firearm was Oehlson's and the state court dismissed the charges "due to lack of evidence;" and (5) his Pre-sentence Investigation Report ("PSR") "was incorrect and not amended before sentencing." (§ 2255 Mot., generally.) The court will address each of Oehlson's alleged grounds for relief below.

## II. Discussion of the Law

### A. Ineffective Assistance of Counsel

Oehlson argues that Loggins was constitutionally ineffective for intimidating him into pleading guilty. (§ 2255 Mot. 5.) In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Oehlson must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. With respect to the second prong, Oehlson must demonstrate a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

As to Oehlson's allegation of ineffective assistance of counsel, he fails to explain how Loggins's recommendation that Oehlson plead guilty because "he couldn't win at trial" constituted ineffective assistance of counsel. (§ 2255 Mot. 5.) "Counsel may . . . advise his client to plead guilty if that advice falls within the range of reasonable competence under the circumstances." United States v. Cronic, 466 U.S. 648, 656-57 n.19 (1984). Oehlson's

conclusory allegations fail to show that Loggins acted in an objectively unreasonable manner in recommending that Oehlson plead guilty.

Moreover, Oehlson's claim that Loggins pressured him to plead guilty "is properly construed not as a claim of ineffective assistance of counsel, but rather as a claim that h[is] guilty plea was not knowing, voluntary, and intelligent. As such, it is procedurally defaulted as a result of petitioner's failure to raise it on direct review." Gao v. United States, 375 F. Supp. 2d 456, 465 (E.D. Va. 2005) (citing Bousley v. United States, 523 U.S. 614, 621 (1998) ("[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review.")). In addition, under oath during his guilty plea hearing Oehlson stated that no one forced, threatened, or coerced him to plead guilty. Moreover, Oehlson stated that he had no complaints of his attorney or anyone else in connection with his case. Further, Oehlson has failed to show cause or prejudice from failing to raise this claim on direct appeal. Id. As such, this claim is without merit and warrants no further consideration.

### B. Statement to William Gary

In ground two, Oehlson alleges that when he provided a statement to William Gary, he had been beaten by law enforcement officers earlier in the day and was under the influence of drugs. (§ 2255 Mot. 5.) It is unclear what Oehlson is alleging in this claim. However, to the extent Oehlson is alleging that his guilty plea was involuntary, this claim is without merit. As stated above, Oehlson stated under oath during his Rule 11 colloquy that no one forced, threatened, or coerced him to plead guilty and that he was pleading guilty because he was guilty. In addition, Oehlson indicated that he was not under the influence of any alcohol or drugs.

3

### C. Grounds Three and Four: Firearm Claims

In grounds three and four, Oehlson challenges his felon in possession of a firearm conviction alleging that the firearm was not his and that this fact has been proven in the state court because the grand larceny charge relating to the stolen vehicle was dropped due to lack of evidence. This claim is without merit. Oehlson pled guilty. "A voluntary and intelligent guilty plea is an admission of all the elements of a formal criminal charge . . . and constitutes an admission of all material facts alleged in the charge." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993) (internal quotation marks and citation omitted). "Furthermore, a guilty plea constitutes a waiver of all nonjurisdictional defects . . . including the right to contest the factual merits of the charges." Id. (internal quotation marks and citation omitted). When Oehlson pled guilty, he admitted that he was a felon in possession of a firearm. Based on the foregoing, Oehlson's voluntary guilty plea waived this claim.

### D. PSR Claim

Finally, Oehlson alleges that his PSR contained false information in paragraphs 12, 18, 39, and 63. Paragraphs 12, 18, and 63 concern the events relating to Oehlson's flight from law enforcement on October 25, 2005. Paragraph 39 contains a five-point increase in the base offense level for count one for brandishing a firearm during the October 7, 2005, attempted armed robbery. Loggins filed no objections to the PSR and the court adopted the PSR without change. Further, Oehlson did not appeal his conviction and sentence. United States v. Scott, No. 00-7761, 2001 WL 483474, at *1 (4th Cir. May 8, 2001) (unpublished) (finding that defendant, who did not object to his PSR prior to sentencing or appeal his conviction or sentence, waived further objection to his PSR). Further, Oehlson has failed to show cause or

4

prejudice from failing to raise this claim on direct appeal. Gao, 375 F. Supp. 2d at 465. Therefore, this claim is without merit.

It is therefore

**ORDERED** that Oehlson's § 2255 motion is summarily dismissed.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.<br>United States District Judge

Greenville, South Carolina
December 10, 2007

### NOTICE OF RIGHT TO APPEAL

The Movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.